OPINION OF THE COURT
Per Curiam.
On October 27, 2011, the respondent entered pleas of guilty *271 in the Supreme Court, Nassau County, before Justice John Kase, to grand larceny in the second degree, a class C felony, in violation of Penal Law § 155.40, and conspiracy in the fourth degree, a class E felony, in violation of Penal Law § 105.10.
The respondent admitted, inter alia, that he individually, and in the course of aiding and abetting James Robert Sweet, Dwayne Benjamin, Carlos Irizarry, and James Grant, stole property having an aggregate value in excess of $50,000 from Countrywide Home Loans, a division of Countrywide Financial Corporation, a mortgage lender. Moreover, the respondent admitted that he agreed with one or more persons, including the foregoing, to engage in and cause the theft of millions of dollars of mortgage loans and/or other proceeds from financial institutions or other persons, and that his role as part, and/or in furtherance, of the conspiracy was that, acting in concert with other persons known and unknown, he deposited mortgage loan proceeds into his escrow account.
On January 24, 2012, the respondent was sentenced to, inter alia, five years’ probation and directed to make restitution in the amount of $55,000.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) now moves to strike the respondent’s name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), based upon his felony convictions. The respondent does not oppose the striking of his name from the roll of attorneys and counselors-at-law.
By virtue of his felony convictions, the respondent ceased to be an attorney and counselor-at-law, pursuant to Judiciary Law § 90 (4), and was automatically disbarred on October 27, 2011. Accordingly, the Grievance Committee’s motion to strike the respondent’s name from the roll of attorneys and counselors-at-law is granted and, effective October 27, 2011, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
Mastro, A.P.J., Rivera, Skelos, Dillon and Belen, JJ., concur.
Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Larinzo DeShawn Clayton, is disbarred, effective October 27, 2011, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,
Ordered that the respondent, Larinzo DeShawn Clayton, shall comply with this Court’s rules governing the conduct of *272 disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Larinzo DeShawn Clayton, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,
Ordered that if the respondent, Larinzo DeShawn Clayton, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).